# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DANIEL KEITH JOHNSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. CIV-12-235-JHP-SPS |
| ) | |
| **OKMULGEE COUNTY JAIL, et al.,** ) | |
| ) | |
| Defendants. ) | |

## NUNC PRO TUNC OPINION AND ORDER

This is a civil rights action , filed by a *pro se* prisoner regarding incidents which the plaintiff alleges occurred on April 25, 2012, while he was incarcerated within the Okmulgee County Jail.  This matter comes before the Court on a Motion to Dismiss the Okmulgee County Jail (Dkt. # 43).

Following a review of the motion, this Court finds the Okmulgee County Jail must be dismissed as a defendant, because it is not a legal entity.  The capacity of an entity to be sued is determined by the law of the state in which the federal district court is located.  Fed. R. Civ. P. 17(b).   Under Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state."  Okla. Stat. tit. 12, § 2017(B).  While the Oklahoma courts have not addressed in a published opinion the issue of whether a jail or prison has capacity to be sued, other jurisdictions have concluded that a county or local jail lacks capacity.  *See Lewis v. Houston County Jail*, 876 F. Supp 861, 865 n.1 (E.D. Tex. 1995) ("The Houston County Jail is not a legal entity capable of suit.");

*Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person'--it is not a legal entity to begin with."); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."); *Smith v. Franklin County*, 227 F.Supp.2d 667, 674 -675 (E.D. Ky. 2002) ("[T]he Franklin County Correctional Complex/Franklin County Regional Jail [] is not a legal entity capable of being sued.  Rather, [] it is a facility owned and provided for by the Fiscal Court and operated by the jailer per [the state constitution and state statutes]."). For the foregoing reasons, it is hereby ordered that the Motion to Dismiss the Okmulgee County Jail (Dkt. # 43) is hereby **granted**.

ACCORDINGLY, this action is hereby dismissed with prejudice against the Okmulgee County Jail.

It is so ordered on this  12th   day of April, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma