# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DANIEL KEITH JOHNSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **No. CIV-12-235-JHP-SPS** |
| ) | |
| **CHIEF MURPHY, SGT. WALLACE,** ) | |
| **MS. GRAY, NURSE WEST, MAJOR** ) | |
| **GOUDOU, CAPT. BROWN,** ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

This matter comes on for consideration of Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint (Dkt. # 42) and Plaintiff's Motion Requesting Waiver of the Exhaustion Requirement (Dkt. # 58). On December 18, 2012, the Plaintiff responded to the Defendants' motion to dismiss (Dkt. # 46) and the Defendants filed a reply on January 22, 2013 (Dkt. # 47). Additionally, on May 9, 2013, the Defendants filed an objection and response to the plaintiff's request to waive the exhaustion requirement (Dkt. # 59). On August 14, 2013, this Court entered an order advising the parties it intended to treat the Defendants' Motion as a motion for summary judgment and gave the parties fourteen (14) days to "present all materials not previously provided that are pertinent to the motion for summary judgment." (Dkt. # 60). On August 28, 2013, Defendants Brown, Goudou, Gray, Murphy, Wallace and West filed a Motion for Reconsideration, or in the alternative a Motion to Clarify (Dkt. # 61). To date, Plaintiff has not filed any response to this Motion.

### *Procedural Background*

Plaintiff brought this action, pursuant to 42 U.S.C. § 1983, while incarcerated with in the Okmulgee County Jail, Okmulgee, Oklahoma. On June 25, 2012, Plaintiff was granted leave to proceed *in forma pauperis* (Dkt. # 6). Thereafter, on September 26, 2012, Plaintiff was granted leave to file an amended complaint (Dkt. # 25) and an amended complaint was filed (Dkt. # 26). Plaintiff seeks compensatory damages of $864,000; punitive damages of $1,450,000; injunctive relief; attorney's fees and court costs.

Plaintiff's amended complaint alleges excessive force, denial of medical treatment and denial of prescribed medication, refusal to follow doctors orders, unreasonable seizure of personal property, unlawful group punishment, and inadequate nutrition. Specifically, plaintiff alleges, in count 1 of his amended complaint, that on April 24, 2012, Chief Murphy entered his cell to conduct a "pod clean-up." According to the plaintiff, during the course of the clean-up, Chief Murphy used pepper spray on plaintiff and then took plaintiff to medical and lied to the nurse telling her the plaintiff had gotten in his face. Plaintiff also alleges Chief Murphy took him to his office for "mental conditioning" insisting that the plaintiff agree to Murphy's scenario of events.[1]

In Count 2, the plaintiff alleges that, prior to his incarceration, he was prescribed medication for chronic pain and "jail medical staff" refused to administer that medication requiring him to use the medication prescribed by the jail doctor. He further claims he was

---

[1] Plaintiff's amended complaint also indicates that Murphy was on duty as chief of security on April 24, 2012 and Sept. 12, 2012 "at the time of both incidents." The Court has not found any factual allegations contained within the Amended Complaint dealing with an incident occurring on Sept. 12, 2012.

also denied medication prescribed by the jail doctor on seven different occasions, to-wit: April 9, 11, 16, 17, 2012; May 18, 2012; and June 28-29, 2012. On the 9th and 11th of April, 2012, Plaintiff alleges Nurse West was the one who refused to give him his prescribed medication. He does not allege who refused to provide him with the prescribed medication on any of the other occasions.[2] Additionally, plaintiff alleges he was given specific instructions from the Okmulgee Memorial Hospital emergency room doctor and "jail staff" failed to follow those instructions. Further, plaintiff claims the jail's doctor issued "orders" on four separate occasions that he should be given two mattresses and a boat and that the boat and/or mattress was taken from him on several occasions. He asserts Chief Murphy took the boat and mattress on one occasion and it was returned three days later; Sgt. Driver took a mat for two days; Sgt. Renae took the mat on one occasion; and the one of his mattresses was taken by unknown jail staff after a pod "shakedown" and he was forced to sleep on "an inferior mat on the floor for (3) three nights."

In Count 3, plaintiff asserts he has been provided an inadequate "poisonous" diet in violation of the Eighth Amendment. Plaintiff asserts "kitchen workers" are instructed to serve portions that are "less than half (½) the size indicated on the 'written menu';" and to serve food that is spoiled per Ms. Gray's instructions including ice tea that Ms. Gray has rinsed her feet in.

---

[2] Jail medication logs indicate plaintiff was given his medication on each of the dates that he claims he was not given medication.

3

Finally, in Count 4, plaintiff claims he has been subjected to group punishments, unlawful seizures, seizure of legal papers and the opening of "legal mail." In particular, the plaintiff alleges on August 28, 2012, Capt. Brown imposed group punishment of denial of canteen for five days because not enough of the jail's sporks had been returned; on August 28, 2012, Maj. Goudou imposed group punishment of pod "lock-down" for seven (7) days because one inmate failed to put his shirt on before he went into the dayroom. Plaintiff further claims that "jail staff" has opened legal mail and required him to open "legal mail" then taken the mail and jail staff has taken all of his legal documents, canteen, clothing, hygiene and books which he admits Chief Murphy later explained was a mistake and returned his property. Plaintiff ends his complaint by stating that "the jail staff, Maj. Goudou, Capt. Brown and Chief Murphy clearly have intentionally and maliciously violated the plaintiff's constitutionally protected rights."

## *Legal Analysis*

A. Exhaustion requirement

The Prison Litigation Reform Act of 1996 ("PLRA") provides in part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001). "An inmate who begins

the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

The express language of 42 U.S.C. § 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions." In light of such a clear directive, this court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. All "available" remedies must be exhausted even if those remedies are not "plain, speedy, or effective." *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

On May 24, 2012, contemporaneous with the filing of his initial complaint, the plaintiff filed a motion requesting waiver of the exhaustion requirement. Dkt. # 3. At that time, Plaintiff alleged that he

> attempted to exhaust administrative remedies in a written complaint to administration where he presented to 'Mr. Spears' various issues including; but not limited to, all the complaints brought up in this petition. Petitioner has waited approx. three weeks for the requested response to no avail. Johnson even wrote the Okmulgee Co. Sheriff's office raising the same complaints.

*Id.* On June 4, 2012, the Magistrate Judge denied the motion as premature since no summons had been issued and/or served upon any of the named defendants. Dkt. # 5.

After reviewing the supplemental special report, as well as plaintiff's current Motion to Waive the Exhaustion Requirement, it is clear that the plaintiff has not exhausted his administrative remedies as to any of the claims which are contained within his amended complaint. He alleges, however, that he "has attempted to exhaust administrative remedies

5

in written complaints to Mr. McCoy, Mr. Spears, Chief of Security Murphy, and Okmulgee County Sheriff Eddy Rice, where he presented various issues including by not limited to the complaints for which the plaintiff seeks relief." Dkt. # 58.  The plaintiff further claims he "waited approximately three weeks for the requested response, to no avail, before presenting his complaints to the court."  *Id*.  Finally, the plaintiff asserts he "presented numerous 'request of staff' forms, as well as 'medical requests' to various jail personal; requests which were often left unresolved" and "[r]equests for 'Official Grievance forms' were not acknowledged." *Id.*  However, the medical requests, sick call requests and request to staff attached to plaintiff's motion seeking waiver of the exhaustion requirement all appear to have been responded to by jail staff and it does not appear that plaintiff appealed any of those responses.

Okmulgee County Criminal Justice Authority has written policies and procedures governing "Inmate Grievance Procedures."  Dkt. # 57-2.  According to the Supplemental Special Report,  the Plaintiff was provided an Inmate Handbook, including a Request to Staff form and an Inmate Grievance Form.  The Inmate Handbook contains detailed directions regarding the inmate's grievance procedure which provides as follows:

> You have the right to file a formal complaint whenever you choose.  However, all complaints are encouraged to be resolved informally at the lowest possible level.
>
> A request to staff can be obtained from staff for informal resolutions.  If you wish to pursue a formal complaint, it is important that the procedures outlined below are followed in order to ensure that your grievance is promptly addressed.  Grievances filed improperly may be returned without being reviewed.

> Use policy 13-4 Attachment A to grieve issues regarding this facility and staff. Grievances will be answered within fifteen (15) working days of receipt by the grievance coordinator. Appeals must be submitted with (sic) five (5) days of receipt of answer. Appeals shall be answered in twenty (20) working days unless extended for cause by the Executive Director.

Dkt. # 57-2, at p. 10.

If the individual jailers were not responsive to his requests to staff, the plaintiff could have filed an official grievance with the Facility Grievance Officer. *See*, Dkt. # 57-1, at p. 569-570 ("Grievable Matters"). The inmate was, however, required to file each of his grievances within seven (7) days of the alleged incident(s). *Id.*, at pp. 570. Since each of the alleged claims for relief occurred at different times, the plaintiff would had to have numerous grievances after this lawsuit was initiated to cover most of the allegations contained within his Amended Complaint. Further, even if the plaintiff attempted to exhaust the earliest claim of excessive force which is alleged by plaintiff to have occurred on April 24, 2012, all of the documents submitted by plaintiff relate to medical issues as opposed to the use of excessive force.[3] According to the supplemental special report, however, the plaintiff was immediately taken to medical following use of pepper spray by Chief Murphy and the plaintiff never made any complaints about that event to the nurse during her examination nor did he make any request for further medical care associated with his interaction with Chief Murphy on or around April 24, 2012.

---

[3] These documents also establish that jail staff was timely responding to plaintiff's requests.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies **before** filing a § 1983 suit and is precluded from filing while the administrative complaint is pending. While failure to exhaust is clearly an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 216-217, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007),[4] a review of plaintiff's motions to waive the exhaustion requirement makes it clear that plaintiff filed this action before his administrative remedies could have been exhausted. Additionally, the Supplemental Special Report indicates the Plaintiff has not, at any time complied with, or exhausted administrative remedies available to him. Defendants have raised failure to exhaust as an affirmative defense. (Dkt. # 41).

The Defendants' Motion to Reconsider or alternatively Motion to Clarify (Dkt. # 61) is **granted**. While technically the defendants are correct that their Motion to Dismiss (Dkt. # 42) does not raise any issues outside the face of the pleading, this Court felt it was necessary to consider materials contained within the special report to rule upon the jurisdictional issue presented herein. Therefore, out of an abundance of caution, this Court decided to give notice to the parties that it intended to consider a summary dismissal of this action. The pleadings filed herein establish that there is no genuine dispute as to the issue of exhaustion. *Cf.* Fed.R.Civ.P. 56.

Since the plaintiff concedes he has not exhausted his administrative remedies and the special report confirms that plaintiff has not exhausted, this Court finds the plaintiff has not

---

[4]The Court recognizes that it can no longer raise failure to exhaust *sua sponte*. However, in this case, plaintiff has raised the issue and therefore, this Court finds it is proper to consider whether or not the plaintiff has or has not exhausted his claims.

exhausted his administrative remedies. Therefore, pursuant to 42 U.S.C. § 1997e(a), this Court hereby dismisses this action without prejudice for failure to exhaust. Furthermore, this Court hereby **denies** the plaintiff's motion to waive exhaustion (Dkt. # 58) and the defendants' partial motion to dismiss (Dkt. # 42) is **denied** as moot.

It is so ordered on this  24th  day of September, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma